THE COMMISSIONERS OF EMIGRATION, *ex parte.*

*In the matter of the* COMMISSIONERS OF EMIGRATION.

THE Commissioners of Emigration are authorized by law, in all cases in which the minor children of alien passengers shall become orphans, by their parents or last surviving parent dying on their passage to the port of New-York, or in the Marine Hospital, on Staten Island, or in any establishment under the charge of the Commissioners, to take in charge and appropriate for the benefit of said minors, the personal property their parents may have had with them ; subject, however, to the rights of other persons as creditors, next of kin, or legatees of the deceased parents.

If there are other persons entitled to a share of such personalty, the portion belonging to the minor children must be applied to their use, by the Commissioners, who in respect thereto act as *quasi* guardians, and the remainder is to be disposed of according to law.

In regard to the interests and shares of other parties, the Commissioners are not constituted administrators ; but such remainder, after taking out the shares of the minors, forms the subject of administration by the Public Administrator, next of kin or creditors, and is to be delivered to such administrator by the Commissioners.

CHARLES E. SHEA, *for the Commissioners.*

THE SURROGATE. The Legislature, in 1847 (*Session Laws, Vol. 2, p.* 717, § 5), provided that in all cases in which the minor children of alien passengers shall become orphans, by their parents or last surviving parent dying on their passage to the port of New-York, or in the Marine Hospital, on Staten Island, the personal property which said parents or parent may have had with them, shall be taken in charge by the Commissioners of Emigration, to be by them appropriated for the sole benefit of said orphan children.

By the 10th Section of Chapter 350, Laws of 1849, this provision was extended to cases of death occurring in any establishment under the charge of the Commissioners of Emigration ; and by the 3d Section of Chapter 339, Laws of

1850, the original act was further amended, by declaring that whenever it shall appear that there are other children, or persons entitled by will or otherwise, to such property, or a distributive share thereof * * * the portion only to which the said minor orphans would be legally entitled, shall be applied to their use, and the remainder shall be received, held, and distributed to the parties severally entitled thereto, in the same manner, and with the same authority as by law provided in respect to the Public Administrators.

Theodore Pohlig, coming to the city of New-York, in the ship Belvidere, from Antwerp, died at sea, in October, 1849. At the time of his death, he had in his possession $1176, and left on board of the vessel, surviving, an infant orphan child. The property has come into the possession of the Commissioners of Emigration. It is alleged that the intestate also left surviving, two other children of full age, one residing in Germany and the other in the State of Pennsylvania.

Independently of the provisions of the act in question as amended, the deceased not having been an inhabitant of the State, and dying out of the State, the fact of the assets coming after his death into the county, would confer upon me jurisdiction to grant administration. Does this act deprive me of that authority?

Public Administrators have power to collect and take charge of the assets of intestates dying in the county or out of it, upon which no letters of administration have been granted, as well where the assets have come into the county after the death, as where they were left in the county at the time of the death. (2 *R. S.*, 3d ed., *p.* 189, § 48.) And the Public Administrator of the city of New-York, to whom and whose power the act under consideration probably alludes in particular, can administer whenever any person coming from any place out of this State in a vessel bound to the port of New-York, shall die intestate on his passage, and any of his effects shall arrive at the

Quarantine. (2 *R. S. 3d ed., p.* 181, § 4.) Until adminis-
tration is granted, he has power to collect and take charge
of such effects. But his power to collect and take charge
will be superseded at any time, and his letters of adminis-
tration will be superseded at any time within six months
after granting the same, where letters of administration of
such estate shall have been granted to any other person by
any Surrogate having jurisdiction.

I think there is no difficulty, in view of these provi-
sions, in discovering the intention of the Legislature in the
act under consideration, though it is not very clearly stated,
and all the collateral bearings of such a change in the
mode of disposing of an intestate's effects, do not appear
to have been provided for in detail. The primary object
of the original statute was, undoubtedly, to apply the pro-
perty of emigrant passengers, in case of their death, for
the sole benefit of their orphan children. Such an enact-
ment finds an analogy in those sections of the Revised
Statutes which give to the widow and minor children of
an intestate, certain articles of furniture, and other property
to the value of $150 ; a disposition of the assets which the
Legislature were constitutionally competent to make.

The act in regard to the minor children of alien pas-
sengers, does not in terms limit the appropriation of the
effects of the parents to the benefit of the minor children
left surviving in this country, and as originally enacted,
allowed no share to other persons who might be interested
in the estate. It was in effect a repeal of the statute of
distributions giving the whole property to minor children.
and excluding adults from any share. So likewise it would
seem to have debarred creditors from claiming payment of
debts due by the intestate, and in this respect, was utterly
subversive of existing legislation. The amendment met
and cured these defects, substantially. Whenever it ap-
pears there are, beside the minors, other children or per-
sons entitled by will or otherwise to such property or a dis-
tributive share thereof, the Commissioners of Emigration

are to apply to the use of the minors that portion only to which they are *legally* entitled. This lets in all the rules of law applicable to the payment of the debts of a deceased person, and the distribution of his property. As to the share of the minors, the Commissioners are *quasi* guardians, bound to report and account to the Legislature annually. As to the remainder, it is to be "received, held, and distributed to the parties severally entitled thereto, in the same manner, and with the same authority as by law provided in respect to Public Administrators." I cannot think that it was intended by this clause to make the Commissioners of Emigration, as to the remainder of such fund, " administrators." A single perusal of the extended and somewhat complex system of administration, devised in regard to the Public Administrator, must satisfy any one, of the difficulties springing from such a construction, and the singular and anomalous condition into which it will throw the law, in respect to the administration of such estates. The more simple and more natural interpretation of this very unhappily expressed clause of the statute, leads, I think, fairly to another result. In the first place, the Commissioners are authorized to take charge of the effects, and in the second, to appropriate to the use of any minor child, the share to which such orphan would be legally entitled, and thirdly, the remainder is to be disposed of in the ordinary course of administration, that is, the intestate being an alien passenger, the Public Administrator may take charge of such remainder, and administer upon it ; or letters may be taken out by the next of kin entitled to share in the distribution of the estate. The act has certainly not deprived the Surrogate of jurisdiction to grant letters in this class of cases. Ordinarily the supposition would be, that no one would intervene to prevent the Public Administrator administering, both parents being dead ; but if, as in the present instance, there are some children of full age, there is no statutory bar to the exercise of my authority to issue letters. Whether the Public Adminis-

trator or adult children obtain letters, however, the remainder of the estate, beyond the share of the minor children retained for their use by the Commissioners as their guardians, must pass into the hands of such administrator for the purposes of adjustment and distribution. I regard the whole clause relating to this remainder as, in effect, declaring no more than that it shall be disposed of and distributed according to law; not as constituting and erecting a new office, and a new mode of winding up estates, but only re-asserting the rights of creditors and next of kin, which had been disturbed by the original act, and which were now restored. The phrase, " and the remainder shall be *received*," implies, in respect to a fund already in the charge of the Commissioners, a receipt by some other competent authority, which is pointed out in the close of the paragraph, " and the remainder shall be received, held, and distributed, &c., in the same manner, and with the same authority as by law provided in respect to Public Administrators ;" that is, the Public Administrator, or if there are next of kin, whose rights are superior to his, and who have obtained letters, then such administrator, may receive such remainder.

I am, therefore, satisfied that I have no control over the Commissioners of Emigration, by reason of their possession of the assets of any deceased person under this act; as guardians of the minors, they have to account to the Legislature ; as having the remainder of the assets beyond the minors' shares in charge, they should deliver it over to the Public Administrator, in the like manner as the Health Officer is directed in relation to the effects of a deceased person at Quarantine (2 *R. S.*, *p.* 182, § 14, 3*d ed.*), or if letters of administration have been issued to any other person, then to such other administrator. As to this remainder, the Commissioners' duty begins and ends with simply taking charge of it, and delivering the same to the Public Administrator, or other representative of the deceased when appointed by the Surrogate. Whoever, there-

fore, wishes to assert his right to a distribution of a fund in the hands of the Commissioners under this law, must do it either through the Public Administrator, or by himself obtaining a grant of administration from the Surrogate, which he can get as next of kin, or as creditor, subject in the last case only to the prior right of the Public Administrator, who in this county has a preference over creditors. Until such a grant of administration is made, or until the Public Administrator applies for the fund, it is the duty of the Commissioners to retain it in charge; and they cannot administer it in any way, either in the payment of debts, or the distribution of the surplus to next of kin. If the deceased have left a will, the same remarks apply to the executors after probate and qualification. They represent the estate, and are entitled to the whole fund, unless the minor children are legatees, in which case the Commissioners may retain such legacy, and apply it to their use. There may be in many cases, a practical difficulty in ascertaining the shares of such minors, which the Commissioners are entitled to retain. In all cases the property directed by law to be set apart for the use of minor children, might be so kept; and whatever estimated proportion of the estate is retained in addition, could hardly be applied to the benefit of the minors with safety, until the estate has been closed in due course of administration, and the exact share due to each on distribution has been ascertained.

Where, therefore, there are adult children, they are entitled to administration; so is the Public Administrator; their right, however, is superior to his. If they fail to apply, they cannot obtain their shares, unless through the Public Administrator, whose duty it is to take charge of the remainder of the fund in the hands of the Commissioners not belonging to the minors, and to administer it according to law.